**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KHALAIRE ALLAH,**

                                **Plaintiff,**

                   v.                                                        **9:13-CV-826
(FJS/TWD)**

**DR. DAVID KARANDY,** Medical Director, Great Meadow Correctional Facility; **JANET COLLINS,** Nurse Administrator, Great Meadow Correctional Facility; **SWITZ,** Physician Assistant, Sullivan Correctional Facility; **B. MCARDLE,** Deputy Superintendent Security, Marcy Correctional Facility; **B. HILTON,** Deputy Superintendent, Mental health, Marcy Correctional Facility; **DR. JOHN DOE,** (Former) Medical Director, Marcy Correctional Facility; **DR. KHAN,** Medical Director, Mary Correctional Facility; **LISA KALIS,** OMH Chief, Mary Correctional Facility; **MAKUCH,** Mental Health RN Admin., Marcy Correctional Facility; **MARK BRADT,** Superintendent, Attica Correctional Facility; **MICHELLE ARTUS,** Deputy Superintendent, Attica Correctional Facility; **HUES,** Deputy Superintendent Security, Attica Correctional Facility; **C. ROBINSON,** Captain, Attica Correctional Facility; **GERRY KANIA,** Corrections Officer, Attica Correctional Facility; **J. RAO,** Medical Director, Attica Correctional Facility; **VANCE HAWLEY,** Registered Nurse, Attica Correctional Facility; **M. SHEAHAN,** Superintendent, Five Points Correctional Facility; **M. THOMS,** Deputy Superintendent Admin. Five Points Correctional Facility; **KRISTIAN SALOTTI,** Nurse Practitioner, Five Points Correctional Facility; **CARROL,** Registered Nurse, Five Points Correctional Facility; **CHEASMAN,** Registered Nurse, Five Points Correctional Facility; **LEVAC,** Lieutenant, Five Points Correctional Facility; **SCOTT RYAN,**

**Correction Officer, Five Points Correctional
Facility; DIANE L. VANBUREN,
Executive Assistant Comm. Department
of corrections; CARL J. KOENIGSMANN,
Medical Chief, Department of Correctional
Services; MICHAEL HOGAN, Mental
Health Department, OMH; and KEVIN
J. RAUTENSTRAUCH, Correction
Officer, Five Points Correctional Facility,**

          **Defendants.**

**APPEARANCES**

**KHALAIRE ALLAH**
01-B-0997
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff Khalaire Allah commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*. *See* Dkt. No. 1 ("Complaint"). Although Plaintiff filed an application to proceed *in forma pauperis*, *see* Dkt. No. 3 (the "IFP Application"), by Order filed July 17, 2013, the Court denied the IFP Application as incomplete.[1] *See* Dkt. No. 5. Rather than filing a renewed IFP Application, Plaintiff

---

[1] The Local Rules of Practice for the Northern District of New York require all inmates seeking *in forma pauperis* status to submit a completed and signed IFP Application which includes a certification by an appropriate official at their facility regarding their inmate account balance, along with a signed Inmate Authorization Form. *See* 28 U.S.C. § 1915(a)(1), (2); N.D.N.Y. Local Rule

(continued...)

-2-

paid the filing fee for this action.

After reviewing the sufficiency of the complaint pursuant to 28 U.S.C. § 1915A, on July 28, 2014, this Court issued a Memorandum-Decision and Order which, among other things, severed several of the claims and Defendants from this action and transferred those severed claims and defendants to the appropriate District Court.[2] *See* Dkt. No. 16 (the "July 2014 Order").[3] Upon review of the remaining Northern District of New York ("Northern District") claims and Defendants, the Court dismissed some of those claims and Defendants and found that the following Northern District claims survived *sua sponte* review: the Eighth Amendment medical indifference and conditions of confinement claims against Defendants Kahn, Hilton, and VanBuren and (2) the Fourteenth Amendment due process claims against Defendants Hilton and VanBuren. *See id*. at 22-23. Thus, the Court directed the Clerk of the Court to issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon Defendants Kahn, Hilton, and VanBuren with respect to those surviving claims. *See id*. at 31-32. In doing so, however, the Court overlooked the fact that Plaintiff is not proceeding *in forma pauperis*, and it is therefore his responsibility to serve Defendants with a summons and a copy of his complaint in accordance with the Federal Rules of Civil Procedure.

---

[1](...continued)
5.4(b)(1)(A), (B). Plaintiff's IFP Application did not include the required certification.

[2] The Court transferred some of the claims and Defendants to the Southern District of New York and others to the Western District of New York. *See* July Order at 29-30.

[3] The Court had administratively closed this action because the Court had denied Plaintiff's IFP Application and he had not paid the statutory filing fee. *See* Dkt. No. 5. The Court entered Judgment on September 27, 2013. *See* Dkt. No. 6. Plaintiff filed a motion to vacate the Judgment, which the Court granted in its July 2014 Order. *See id*. at 29.

In light of the foregoing, the Court *sua sponte* reconsiders that part of the July 2014 Order which directed the Clerk of the Court to send the summonses issued for Defendants Hilton, Kahn, and VanBuren, together with copies of the complaint, to the United States Marshal for service upon those Defendants, and amends that provision as set forth below.

**II. SERVICE OF PROCESS**

Where a Court has authorized a plaintiff to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the U.S. Marshals Service is appointed to effect service of process of the summons and complaint on his behalf. *See* Fed. R. Civ. P. 4(c)(2) (stating that U.S. Marshal must be appointed to serve process when the plaintiff is authorized to proceed *in forma pauperis*); 28 U.S.C. § 1915(d) (stating that "the officers of the court shall issue and serve all process and perform all duties in [*in forma pauperis*] cases."). Thus, once the plaintiff has identified the defendants, the U.S. Marshal must undertake to locate them and accomplish the service. In addition, Rule 4(c) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

In this case, Plaintiff paid the filing fee and did not receive *in forma pauperis* status. As a result, he is responsible for serving the summons and complaint on Defendants. However, Plaintiff is free to submit a renewed IFP Application to the Court for consideration. If the Court grants his IFP Application, the Court will direct the U.S. Marshal to effect service of process on Plaintiff's behalf. Alternatively, if Plaintiff is not indigent, or otherwise elects not to seek *in forma pauperis* status, in light of the fact that Plaintiff is incarcerated and proceeding *pro se*, and in order to advance the

disposition of this action, Plaintiff may request an order of this Court directing service by the U.S. Marshal, **provided** that Plaintiff pays the service fee to the U.S. Marshal in full **in advance** by money order or certified check.[4]

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that, as a result of the Court's *sua sponte* reconsideration of that portion of the July 2014 Order that states that the Clerk of the Court shall forward summonses, along with copies of the complaint, to the United States Marshal for service upon Defendants Khan, Hilton, and VanBuren, *see* July 2014 Order at 31, the aforesaid portion of the July 2014 Order is amended as set forth below; and the Court further

**ORDERS** that, upon Plaintiff's submission of a renewed IFP Application or request for assistance with service of process, the Clerk of the Court shall return the file to the Court for further consideration; and the Court further

**ORDERS** that, if Plaintiff does not submit an IFP Application or a request for assistance with service of process **within twenty (20) days** of the filing date of this Memorandum-Decision and Order, the Clerk of the Court shall forward the summonses to Plaintiff, who shall be responsible for effecting service of process on Defendants Hilton, Khan, and VanBuren;[5] and the Court further

---

[4] Payment in cash or by personal check is not acceptable. For service by mail, the fee is $8.00 per summons and complaint. The cost of service by mail on the three Defendants in this action is $24.00. The Court also advises Plaintiff that, if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

[5] The Clerk of the Court issued summonses for these Defendants on July 28, 2014. *See* Dkt.
(continued...)

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff, together with a blank *In Forma Pauperis* Application.

**IT IS SO ORDERED.**

Dated: July 30, 2014
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge

---

[5](...continued)
No. 17.