UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KHALAIRE ALLAH,

          **Plaintiff,**

    v.                   9:13-CV-826
                           (FJS/TWD)

B. HILTON, Dep Supt. Mental Health, Marcy
Correctional Facility; DR. KHAN, Medical
Director, Marcy Correctional Facility; and
DIANE L. VANBUREN, Executive
Assistant Comm. Department of Corrections,

         **Defendants.**
_____

**APPEARANCES**            **OF COUNSEL**

**KHALAIRE ALLAH**
**01-B-0997**
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**      **MELISSA A. LATINO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

  Pending before the Court is Defendants Hilton and Van Buren's motion for reconsideration, pursuant to Rule 60(b), of the Court's March 31, 2017 Order accepting Magistrate Judge Dancks' May 9, 2016 Order and Report-Recommendation in its entirety for the reasons stated therein. *See* Dkt. No. 76.

As an initial matter, although Defendants Hilton and Van Buren (hereinafter collectively "Defendants") move for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Rule 60(b) does not apply to this situation because the Court's March 31, 2017 Order was not a "final judgment, order or proceeding." Fed. R. Civ. P. 60(b). Rather, this District's Local Rule 7.1(g) applies to Defendants' motion.

Pursuant to Local Rule 7.1(g), "a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order or decree. . . ." N.D.N.Y. L.R. 7.1(g). As noted, Defendants seek reconsideration of the Court's March 31, 2017 Order. Thus, they were required to file their motion for reconsideration no later than **April 14, 2017**. However, Defendants did not file the pending motion until **July 11, 2017**, nearly three months after the deadline for filing such a motion had expired. Therefore, the Court denies Defendants' motion as untimely. *See Katen & Sons, Inc. v. Allegheny Trucks, Inc.*, 3:16-CV-01124 (BKS/DEP), 2018 WL 3159822, *1 (N.D.N.Y. May 17, 2018) (citing *Buttner v. RD Palmer Enterprises, Inc.*, No. 13-cv-342, 2016 WL 3647878, at *3, 2016 U.S. Dist. LEXIS 85872, at *10-11 (N.D.N.Y. July 1, 2016) ("Because the Reconsideration Motion cannot be construed as a Rule 59 motion to alter or amend a judgment, and is instead an interlocutory motion for reconsideration, Local Rule 7.1(g) sets the deadline to file the motion.")).

In addition, to the extent that Defendants rely on allegedly "new" evidence to support their motion, the Court finds their argument unavailing. """When newly discovered evidence is the basis for reconsideration, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered.""" *Johnson v. Lynn-Caron*, No. 9:11-CV-0386 (GLS/CFH),

2012 WL 3888175, *5 (N.D.N.Y. Sept. 7, 2012) (quoting *U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007) (quoting *LaSalle Bank Nat'l Assoc. v. Capco Am. Securitization Corp.*, No. 02 CV 9916, 2006 WL 177169, at *2 (S.D.N.Y. Jan. 25, 2006))).

Defendants do not even attempt to suggest that this "new" evidence, which they now seek to present to the Court, was not in their possession or that, upon the exercise of reasonable diligence, they could not have discovered this evidence both prior to Magistrate Judge Dancks' Order and Report-Recommendation as well as prior to the Court's March 31, 2017 Order adopting that Order and Report-Recommendation. Therefore, the Court concludes that the "Inmate Exposure Control-One Time Warning" form, which Defendants now seek to bring to the attention of the Court is not "newly discovered evidence" that would support granting a motion for reconsideration.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendants Hilton and Van Buren's motion for reconsideration, *see* Dkt. No. 76, is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Dancks to address Plaintiff's letter motion regarding mediation/settlement, *see* Dkt. No. 79.

**IT IS SO ORDERED.**

Dated: March 12, 2019
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Judge